CATHERINE McGUIRE, ADMINISTRATRIX, APPELLANT, v.
CATHOLIC BENEVOLENT LEGION, RESPONDENT.

Submitted December 11, 1916—Decided March 5, 1917.

1. Where the constitution and by-laws of a beneficial order permit a member at his option to change the character of his membership by surrendering a certificate assuring the payment of a fixed sum at death, and have another certificate issued in its stead fixing a less sum to be paid, in consideration of a reduction of the amount of the dues payable for the assurance, if he shall comply with certain conditions set out in the constitution and by-laws which are made a part of the contract of assurance, the procedure and conditions required by the contract to accomplish such change must be complied with and the new certificate issued before an action at law can be maintained to recover what would be due if the change had been made, a new certificate issued, and its terms performed by the assured.

2. If a proper application for a new certificate be refused by the subordinate council and the rules of the order provide for an appeal from such refusal to the supreme council, that remedy must be exhausted by the applicant before a right of action arises for damages caused by the refusal of the subordinate council to grant the application.

On appeal from the Supreme Court.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Butler & Brown.*

The opinion of the court was delivered by

BERGEN, J.   The plaintiff's intestate was the holder of a certificate issued by the defendant corporation which entitled his beneficiaries to $3,000 at his death, or, in case of his permanent disability and the surrender of the certificate, to a new certificate for $1,500, payable at his death, upon which dues but no assessments were required to be paid. The plaintiff, as his administrator, brought this suit to recover $1,500, notwithstanding there was no surrender of the old

certificate, or a new one issued, upon the ground that the assured had, in his lifetime, become permanently disabled and taken the necessary steps to entitle him to a new certificate for that sum.

The trial court ordered a judgment of nonsuit from which plaintiff has appealed. The nonsuit was allowed for two reasons—*first,* because the assured had not made such application as the constitution and by-laws of the defendant corporation required to entitle him to the payment because permanently disabled, and *second,* that the by-laws provide for an appeal to the supreme council of the order from all matters of importance emanating from subordinate councils thereof. The certificate in question was issued by the supreme council of the order to Thomas Doolan, the intestate, as a member of Woodbridge Council, No. 120, located at Woodbridge, New Jersey, and upon condition therein expressed that he would strictly comply with the laws, rules and regulations of the legion now in force, or which might thereafter be adopted by it, and the certificate was accepted in writing by Doolan on the conditions therein named. The constitution of the order provides for the establishment of subordinate councils—Woodbridge Council, of which Doolan was a member, being one.

Section 24 of the by-laws of the order permits any member in good standing, who shall arrive at the age of seventy years, and who shall become permanently disabled, at his option, upon payment of all dues and assessments and surrender of his benefit certificate to the secretary of his subordinate council, to have issued to him a new certificate for one-half the face value of the one surrendered, and thereafter not be required to pay any assessments, but, in order to retain his membership and rights under the new certificate, he is required to comply with the laws of the order and pay his dues and other charges, in default of which he may be suspended and thereby forfeit all rights under the new certificate.

By section 12, when such application is made, the president of that council must appoint a committee to investigate and report upon the application, and the secretary notify all other

councils within a given district of such application, and that the president of each of such councils shall appoint a member of his council to act in an advisory capacity with the investigating committee. If the report be favorable a ballot is to be taken, and if the application be granted, notice thereof given to the secretary of the supreme council, and if approved by the supreme council, a new certificate issued. It is not pretended that the assured ever surrendered the original certificate or availed himself of this procedure, or that whether he was permanently disabled, was investigated. All the plaintiff claims is that the assured in 1911 went to the secretary of the supreme council, in Brooklyn, and consulted him concerning the obtaining of a certificate of permanent disability, and when there, he then signed some paper relating to it, and that the secretary said he would look into the matter, but that nothing further was done. Manifestly, the secretary of the supreme council had no authority under the rules and regulations of the order to issue a new certificate, nor to make an enforceable agreement that the supreme council would issue one, for the by-laws provide the only method by which such a certificate could issue. The assured made no payments, not even the dues he was bound to pay even if the new certificate had been issued, after 1911, and he died March 3d, 1915, and he was suspended from the order in November, 1911, over three years before his death. We think the trial court was right in granting the nonsuit, for without the certificate based upon permanent disability the action to recover the sum it would have represented if issued had no legal foundation.

If the subordinate council, upon a proper case made, had refused to issue the certificate, then the remedy of the assured was, in the first instance, by an appeal to the supreme council. Section 2 of the constitution provides that the supreme council shall be the body to which final appeals shall be made, and section 12 of the by-laws makes the decision of the president of the subordinate council final if no appeal be taken to the supreme council within thirty days. Neither the constitution or the by-laws impose an absolute duty to issue the certificate,

but its issuance depends upon the result of an investigation and determination of the rights of the assured under the constitution and by-laws. By the terms of his contract he is required to submit his application to the adjudication of the subordinate council, and if it refuses, then to appeal to the supreme council. This course was not pursued by the assured, and so if he had laid a proper foundation for the allowance of his application, he did not exhaust his remedy within the order, as he was bound to do by appeal to the supreme council. *Ocean Castle* v. *Smith,* 58 *N. J. L.* 545.

He was not seeking to recover a money claim, but a change in the character of his membership which required the payment of dues alone and the exemption from all assessments, in consideration of a reduction of the sum payable at death, a matter controlled alone by the rules of the order. The present suit is based upon the assumption that the certificate should have been issued without following the method which the contract required. At the time of his death he held the original certificate which fixed the class of his membership, and he was no longer a member under it, having been suspended for non-payment of dues and assessments, to which he submitted for over three years without appeal.

The nonsuit was properly allowed for both reasons, and the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.